IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Gregory P. Miner, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110971-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| John Y. Lee and Sun Lee, trustees of the | ) | (January 20, 2012) |
| John Y. Lee and Sun Lee Living Trust, | ) | |
| | ) | 2012 UT App 11 |
| Defendants and Appellants. | ) | |

-----

Fifth District, St. George Department, 060500804
The Honorable James L. Shumate

Attorneys: John Y. Lee and Sun Lee, Springdale, Appellants Pro Se
Sarah Hardy, Park City, for Appellee

-----

Before Judges McHugh, Thorne, and Christiansen.

¶1 John Y. and Sun Lee appeal the trial court's order granting Gregory P. Miner's motion to strike the Lees' objections to a proposed order as untimely.[1] This is before the

_____

[1]The issues raised initially in the Lees' docketing statement related to the July 27, 2011 order granting an easement and other relief to Miner. The notice of appeal was untimely regarding that order, and the Lees have clarified that they did not intend to appeal the July order. Accordingly, their appeal is limited to the order granting Miner's motion to strike the Lees' objections to the form of the order entered on July 27.

court on its own motion for summary disposition based on the lack of a substantial question for review.[2]  We affirm.

¶2    "Motions to strike pleadings or parts thereof are addressed to the judgment and discretion of the trial court.  A ruling thereon, except under circumstances which amount to a clear abuse of discretion, will not be disturbed on appeal." *Pratt v. Nelson*, 2005 UT App 541, ¶ 9, 127 P.3d 1256, *remanded on other grounds*, 2007 UT 41, 164 P.3d 366.  The Lees have not shown that the court abused its discretion in striking their untimely objections.

¶3    The Lees argue that their objections should have been considered on the merits because the proposed order on the trial court's ruling was not served on the Lees' counsel as required under rule 7(f)(2) of the Utah Rules of Civil Procedure.  However, the record supports that the order was properly served and that there were no objections filed within the time frame for objections under rule 7(f)(2). *See generally* Utah R. Civ. P. 7(f)(2) (providing that objections to proposed orders must be filed within five days after service).  The certificate of service of the proposed order stated that it was served on July 5, 2011, and provided the required notice that objections were due within five days.  This proposed order was received by the Lees' counsel.  A copy of the order with the certificate of service was attached to the objections filed in August.  Furthermore, email exchanges show that the proposed order was discussed between opposing counsel.  Also, at his request, the Lees' counsel was notified when the proposed order was submitted to the court for signature.  The proposed order served was the same order entered by the trial court on July 27.  In spite of proper service and an additional notice of filing the order, the Lees' objections were not filed until after the

---

[2]Miner argues that the notice of appeal was untimely regarding the order on the motion to strike, asserting that the motion was granted by an order dated September 27, 2011.  The September 27 order was not the final order on the motion, however, because it was not compliant with rule 7(f)(2) of the Utah Rules of Civil Procedure and *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 27-28, 201 P.3d 966.  The formal order entered on October 3, 2011, was the final order on the motion.  Accordingly, the Lees' notice of appeal filed on November 1, 2011, was timely.

entry of the final order. Accordingly, they were clearly untimely and the trial court did not abuse its discretion in granting the motion to strike on that basis.

¶4    Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge